**In the United States District Court**
**for the Southern District of Ohio**
**Eastern Division at Columbus**

| | | |
|---|---|---|
| **Tina Lehman** | : | |
| **P.O. Box 110** | : | |
| **Marion, OH 43301** | : | |
| | : | |
| Plaintiff, | : | **Case No.: 2:17-CV-00954** |
| v. | : | |
| | : | **Judge:** |
| **Res-Care, Inc.** | : | |
| **10140 Linn Station Rd** | : | |
| **Louisville, KY 40223** | : | **COMPLAINT** |
| | : | |
| *Also serve the statutory agent* | : | |
| | : | |
| **CT Corporation System** | : | **JURY DEMAND ENDORSED HEREON** |
| **4400 Easton Commons Way, Suite 125** | : | |
| **Columbus, Ohio 43219** | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Tina Lehman (hereinafter "Plaintiff"), for her Complaint against Defendant Res-Care, Inc. (hereinafter "Defendant"), hereby alleges as follows:

## PRELIMINARY STATEMENT

Plaintiff brings this action against Defendant Res-Care, Inc. Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendant's willful failure to compensate Plaintiff with minimum wages as required by the Fair Labor Standards Act ("FLSA"), the Ohio Constitution, Article II, Section 34a ("Section 34a"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and the Ohio Prompt Pay Act, O.R.C. § 4113.15.  Furthermore, Plaintiff was terminated by Defendant after Plaintiff complained of late payment of her wages, constituting unlawful retaliation under the FLSA, Section 34a, and OMFWSA.

1

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this

Complaint and to adjudicate these claims because this action is brought under the FLSA.

2.      This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear

Plaintiff's state law claims.

3.      Venue is proper in the United States District Court for the Southern District of Ohio,

Eastern Division, pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions

giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

      **Tina Lehman**

4.      Plaintiff Tina Lehman is an adult resident of Marion, Ohio.  Plaintiff worked for Defendant

as a Direct Care Professional from approximately April 5, 2017, to April 25, 2017.

5.      At all times relevant, Lehman was an "employee" of Defendant as defined by the FLSA,

Section 34a, and the OMFWSA.

**Defendant**

      **Res-care, Inc.**

6.      Defendant Res-care, Inc. ("Defendant") is a foreign corporation organized and existing

under the laws of the state of Kentucky.

7.      Defendant does business in Ohio at multiple locations, including at its office located at

3700 Corporate Dr., Columbus, OH 43231.

8.      Defendant is an "employer" of Plaintiff as that term is defined by the FLSA, Section 34a

and the OMFWSA.

9. At all relevant times, Defendant maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

10. At all relevant times, Defendant has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

11. Defendant's gross revenue exceeds $500,000 per year.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendant as a Direct Care Professional from approximately April 5, 2017, to April 25, 2017.

13. Plaintiff's duties consisted of assisting medical and nursing staff care for disabled residents at Defendant's Marion, OH facility located at 340 James Way, Marion, OH 43302. *See* Exhibit A, Direct Care Professional Job Description.

14. Plaintiff was told that she would be paid $9.00 as her regular pay rate.

15. Plaintiff was promised to be paid bi-monthly by Defendant.

16. Plaintiff was not paid on time by Defendant, and Plaintiff was not paid minimum wage for all hours worked. *See* Exhibit B, Tina Lehman Paystub and Time Records.

17. On April 20, 2017, Plaintiff verbally complained to Shelly Persinger, who managed scheduling and payment processing at the Defendant's Marion, Ohio facility, that she had not receive her pay check for the eight hours of training before starting her position.

18. On April 20, 2017, Shelly Persinger stated that Plaintiff was not "in the system," and told Plaintiff she would investigate and resolve the issue.

19. April 25, 2017 was pay day for the employees at the Defendant's Marion, OH facility. When Plaintiff asked for her check, she was told by Shelly Persinger that there was no pay check for her, and that Plaintiff was still not in the system.

20.     After Plaintiff finished her shift on April 25, 2017, Shelly Persinger informed Plaintiff

that she would not be scheduled for any additional hours. When Plaintiff asked why she would

not be scheduled for additional hours, Persinger instructed Plaintiff to discuss her issue with Jon

Kibler, HR Director for Defendant's Marion and other Ohio facilities.

21.     On April 27, 2017, Plaintiff spoke with Jon Kibler regarding her pay and putting her in

the system.  Jon Kibler told Plaintiff he would need to talk with his supervisor regarding putting

Plaintiff in the system and paying her over-due paycheck.

22.     Jon Kibler never called Plaintiff back, and did not respond to any follow-up calls from

Plaintiff.

23.     On May 25, Plaintiff was paid $455 for fifty-five (55) hours of work.  *See* Exhibit B, Tina

Lehman Paystub and Time Records.

24.     Defendant willfully and knowingly failed properly pay Plaintiff on time.

## CAUSES OF ACTION

### Count I
### Failure to Pay Minimum Wages - Fair Labor Standards Act

25.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

26.     Plaintiff was a non-exempt, hourly employee entitled to receive no less than minimum

wage for all hours worked.  *See* Exhibit A, Direct Care Professional Job Description.

27.     Defendant failed to pay Plaintiff minimum wage for all hours worked in a workweek

because they failed to compensate Plaintiff for all hours worked when payment became due.  *See*

Exhibit B.

28.     By the acts and conduct described above, Defendant willfully violated the provisions of

the FLSA and disregarded the rights of Plaintiff.

29.     Plaintiff has been damaged by Defendant's willful failure to pay minimum wage as required by law.

30.     As a result of Defendant's violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## Count II
### Unlawful Retaliation – Fair Labor Standards Act

31.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

32.     Section 215(a)(3) of the FLSA prohibits employers from discharging or retaliating against an employee for exercising his or her rights in complaint or protest of failing to receive minimum wage for hours worked.

33.     On April 20, 2017, Plaintiff verbally stated to Shelly Persinger that she had not received her paycheck yet for her eight hours of training, and Persinger alleged that Plaintiff was not in Defendant's system.

34.     On April 25, 2017, Plaintiff complained to Persinger again for her paycheck since it was pay day at Defendant's Marion, OH facility.  Persinger said she did not have a paycheck for Plaintiff.

35.     On April 25, Persinger informed Plaintiff at the end of Plaintiff's shift that she could not return to work until she spoke with Jon Kibler, HR Director responsible for the Marion and other Res-care locations.

36.     Despite repeated attempts by Plaintiff to contact Kibler after an initial conversation to resolve the non-payment of her wages, Kibler never resolved the issue and did not reach out to Plaintiff after initially promising to Plaintiff to resolve the non-payment of wages.

37.     Plaintiff was never given any additional hours and has been constructively discharged for bringing her concerns for non-payment of wages.

38.     Plaintiff exercised her rights in complaint or protest of Defendant's failure to pay her minimum wage for hours worked by verbally complaining to Shelly Persinger on two separate occasions.

39.     Before Plaintiff complained of her non-payment of wages, Defendant scheduled Plaintiff with consistent work hours.

40.     After Plaintiff complained of the non-payment of her wages for all hours worked, Defendant refused to schedule Plaintiff for any work hours, and refused to resolve any payment disputes until May 25, 2017 when Defendant paid Plaintiff for 55 hours of work with a check for $455.00.

41.     By failing to schedule Plaintiff with work hours after she complained of non-payment of wages, Defendant retaliated against her in violation of the FLSA.

42.     Because of Defendant's retaliatory actions in violation of this section, Plaintiff is entitled to back wages, damages, costs and reasonable attorney's fees.

## Count III
### Failure to Pay Minimum Wages – Oh. Const., Art. II, Section 34a

43.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

44.     Defendant paid Plaintiff below minimum wage for the hours worked in a workweek by not paying Plaintiff.

45.     Article II § 34a of the Ohio Constitution requires that employees be paid not less than minimum wage as determined by an inflation index (currently $8.15/hour) for all hours worked.

46.     Defendant failed pay Plaintiff minimum wage.

47.     By not paying Plaintiff at least minimum wage for each hour worked, Defendant have violated the Ohio Constitution, Article II, § 34a.

48.     As a result of Defendant's violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, an additional two times unpaid wages in damages under Section 34a, costs, and attorneys' fees.

<b>Count IV</b><br>
<b>Untimely Payment of Wages – Ohio Prompt Pay Act, O.R.C. § 4113.15</b>

49.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

50.     During all relevant times, Defendant were entities covered by O.R.C. § 4113.15, and Plaintiff was an employee within the meaning of O.R.C. § 4113.15 and was not exempt from its protections.

51.     O.R.C. § 4113.15(A) requires that Defendant pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

52.     Plaintiff's unpaid wages remained unpaid for thirty (30) days beyond their regularly scheduled payday.

53.     In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

54.     As a result of Defendant's willful violation up to or exceeding 30 days past when Plaintiff's wages should have been paid, Plaintiff is entitled to unpaid wages and liquidated damages, and the greater of either 6% of any unpaid amount or $200, as stated in O.R.C. § 4113.15(B).

<b>Count V</b><br>
<b>Unlawful Retaliation – Oh. Const., Art. II, Section 34a</b>

55.     Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

56.     On April 20, 2017, Plaintiff verbally stated to Shelly Persinger that she had not received her paycheck yet for her eight hours of training, and Persinger alleged that Plaintiff was not in Defendant's system.

57.     On April 25, 2017, Plaintiff asked Persinger if she had a paycheck since it was pay day for Defendant's employees at the Marion, OH facility.  Persinger told Plaintiff there was no check for her.

58.     On April 25, Persinger informed Plaintiff after Plaintiff's shift that she could not return to work until she spoke with Jon Kibler, HR Director responsible for the Marion and other Res-care locations.

59.     Despite repeated attempts by Plaintiff to contact Kibler and resolve the non-payment of her wages, Kibler never resolved the issue and did not reach out to Plaintiff after an initial phone conversation where Kibler promised to resolve Plaintiff's non-payment of wages.

60.     Plaintiff was never given any additional hours and has been constructively discharged for bringing her concerns for non-payment of wages.

61.     Plaintiff has suffered and continues to suffer damages by the late/none payment of wages and the retaliatory constructive discharge after complaining of non-payment of wages. Plaintiff is entitled to damages, including a minimum of one-hundred fifty dollars ($150) per day that Plaintiff's rights have been violated by Defendant's retaliatory conduct, interest thereon, as well as attorneys' fees and costs, incurred in connection with this claim.

**Count VI**
**Wrongful Discharge in Violation of Public Policy**

62.     Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

63.     The elements for the tort of wrongful discharge in violation of public policy are: (1) that a clear public policy existed and was manifested in a state or federal constitution, statute, administrative regulation, or at common law, (2) that dismissing employees under circumstances like those involved in the Plaintiff's dismissal would jeopardize the public policy, (3) the Plaintiff's dismissal was motivated by conduct related to the public policy, and (4), the employer lacked the overriding legitimate business justification for the dismissal.

64.     Federal and Ohio law recognizes a public policy for employees to be paid minimum wage for all hours worked.  Ohio law also recognizes an employee's right to prompt payment of wages at regular intervals.

65.     By constructively dismissing Plaintiff from her employment by not scheduling her for any additional hours after Plaintiff complained of non-payment of her wages, Defendant jeopardized these public policies.

66.     Plaintiff's dismissal was motivated by conduct related to the above public policies.

67.     The Defendant lacked overriding legitimate business justification for dismissing the Plaintiff.

68.     As a direct and proximate result of the foregoing unlawful actions by Defendant, Plaintiff has sustained and continues to sustain economic damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A.      Unpaid minimum wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

B.      An award of unpaid minimum wages, and unreimbursed expenses due under §34a and the OMFWSA;

C.      Liquidated damages under O.R.C. § 4113.15 and the OMFWSA;

D.      Minimum of $150 per day from April 25, 2017 to whenever a judgment is obtained against Defendant for retaliating against Plaintiff for asserting her right to payment of her wages, pursuant to OH. Const., Art. II, Section 34a.

E.      Judgment that Defendant's violations of the FLSA were willful;

F.      Back pay for wrongfully terminating Plaintiff from her position.

G.      An award of prejudgment interest;

H.      An award of post-judgment interest;

I.      An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

J.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully submitted,

*/s/ David B. Stouffer*

_____

David B. Stouffer, Esq. (0093972)
Law Office of D.B. Stouffer, LLC
6500 Emerald Pkwy. Ste. 100
Dublin, OH  43016
Phone: (614) 388-9446
Email: dbstouffer@stoufferlaw.net
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.